UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| TERESA M. W., | Case No. 6:15-cv-02301-AC |
| Plaintiff, | ORDER ON ATTORNEY FEES |
| v. | |
| COMMISSIONER SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

ACOSTA, Magistrate Judge:

Before the court is Plaintiff Teresa M. W.'s[1] Unopposed Motion and Memorandum for Attorney fees pursuant to 42 U.S.C. § 406(b). Although Plaintiff is the claimant in this case, the real party in interest to this motion is her attorney, Katherine Eitenmiller ("Eitenmiller"), of Harder Wells Baron & Manning, P.C. ("Harder Wells"). The Commissioner does not oppose the motion, but merely acts in a manner similar to "a trustee for the claimant[]." *Gisbrecht v. Barnhart*, 535 U.S.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case.

789, 798 (2002). Having reviewed the proceedings below and the amount of fees sought, the court concludes that Harder Wells is entitled to fees under Section 406(b) in the amount of $11,703.03.[2]

*Procedural Background*

Plaintiff protectively filed her application for a period of disability and disability insurance benefits on November 2, 2011. Plaintiff also protectively filed an application for supplemental security income on November 2, 2011. In both applications, Plaintiff alleged disability beginning October 16, 2011. The claims were denied initially and on reconsideration. On June 24, 2014, the ALJ issued an unfavorable decision finding that Plaintiff was not disabled under the Act. The Appeals Council denied Plaintiff's request for review.

On December 9, 2015, Plaintiff filed a Complaint in this court seeking review of the Commissioner's final decision. On November 28, 2016, the court granted the parties' stipulated motion for remand, requiring further administrative proceedings. On remand, Plaintiff was awarded retroactive benefits in the amount of $46,812.10, finding Plaintiff disabled as of Aril 2012.

Plaintiff previously filed a Stipulated Motion for Attorney Fees Under 28 U.S.C. § 2412(d) in the amount of $5,362.06, which the court granted on February 23, 2017. Additionally, Eitenmiller represents that Plaintiff's representative previously has received an administrative fee of $5,907.00. On December 12, 2018, 2018, Plaintiff filed the instant petition for attorney fees under Section 406(b) in the amount of $11,703.03, less the amounts previously received by Plaintiff's counsel. The Commissioner does not oppose the motion.

---

[2] The parties have consented to jurisdiction by magistrate judge in accordance with 28 U.S.C. § 636(c)(1).

*Legal Standard*

After entering a judgment in favor of a Social Security claimant who was represented by counsel, a court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of twenty-five percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). An award of fees under § 406(b) is paid from claimant's past due benefits, and an attorney receiving such an award may not seek any other compensation from the claimant. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796-807 (2002). Accordingly, when a court approves both an EAJA fee and a § 406(b) fee payment, the claimant's attorney must refund to the claimant the amount of the smaller of the two payments. *Id.*

Under *Gisbrecht*, the court must first examine the contingency fee agreement to determine whether it is within the statutory 25 percent cap. *Id.* at 800. The court also must "'review for reasonableness fees yielded by [contingency fee] agreements.'" *Crawford v. Astrue*, 586 F.3d 1142, 1152 (9th Cir. 2009) (*en banc*) (quoting *Gisbrecht*, 535 U.S. at 808)). As set forth in *Crawford*, the court must apply the following factors: (1) the character of the representation, (2) the results achieved, (3) any delay attributable to the attorney requesting the fee, (4) whether the benefits of the representation were out of proportion with the time spent on the case, and (5) the risk assumed by counsel in accepting the case. *Id.* at 1151-52.

*Discussion*

Here, the terms of the contingent-fee agreement between Plaintiff and Harder Wells are within the statutory limits of § 406(b). The $11,703.03 in attorney fees Eitenmiller seeks does not exceed 25 percent of the past due benefits awarded to Plaintiff. *See* Mot. Att'y Fees at 1 & Ex. A at 2, ECF No. 27.

The court has reviewed the record in the case, the motion, and the supporting materials including the award of benefits, the fee agreement with counsel, and the recitation of counsel's hours and services. Applying the standards set by *Crawford*, the court finds the requested fees reasonable. There is no indication that Eitenmiller was either ineffective or dilatory, and she achieved a favorable result for Plaintiff. Furthermore, the amount of fees requested is not out of proportion to the work performed by Eitenmiller, and the benefits are not so large in comparison to the amount of time counsel spent that a reduction of the fees requested is justified. In short, after applying the *Gisbrecht* factors, as interpreted by *Crawford*, the court finds that Plaintiff's counsel has demonstrated that a 25 percent fee is reasonable for this case.

*Conclusion*

For these reasons, Plaintiff's Unopposed Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) (ECF No. 27) is GRANTED and Harder Wells is awarded $11,703.03 in attorney fees. In light of the $5,362.06 in EAJA fees previously awarded, and the $5,907.00 in administrative fees awarded to Plaintiff's representative, the Commissioner is directed to send the send the balance of $433.97, less any applicable processing or user fees as allowed by statute to Plaintiff's attorneys at Harder Wells Barron & Manning, P.C., 474 Willamette Street, Eugene, Oregon 97401. Any amount withheld after all administrative and court attorney fees are paid should be released to Plaintiff.

IT IS SO ORDERED.

DATED this 19th day of December, 2018.

JOHN V. ACOSTA
United States Magistrate Judge